UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODNEY EDWARD AMICK, et al

        Petitioner,

v.                                                           Case No:  2:14-cv-164-FtM-38CM

JASON TUCKER,

        Respondent.
_____/

**ORDER**[1]

This matter comes before the Court on *Sua Sponte* Review of the Defendant's Notice of Removal (Doc. #1) filed on March 20, 2014. On January 28, 2014, the Plaintiff petitioned the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida for an injunction for protection against stalking by the Respondent Jason Tucker.

The Respondent Tucker removed the case to this Court citing diversity and federal question jurisdiction. Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citations

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

omitted). A district court has proper jurisdiction over a matter if federal question or diversity jurisdiction exists. 28 U.S.C. §§ 1331–32.

In an action removed to federal court, the removing defendant bears the burden of establishing federal jurisdiction. Moreland v. SunTrust Bank, --- F.Supp.2d ---- No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400 at *1 (M.D. Fla. July 15, 2013) ("As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.") (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)). Courts determine if it has federal jurisdiction by looking to the initial pleading and notice of removal. 28 U.S.C. § 1446(b).

The Respondent Tucker claims diversity jurisdiction, however, Tucker fails to establish diversity of citizenship. Diversity jurisdiction exists where the amount in controversy exceeds the sum or value of $75,000 and is between "citizens of a State and citizens or subjects of a foreign state . . . ." Moreno v. Breitburn Florida, LLC, 2011 WL 2293124, *1 (M.D. Fla. June 9, 2011) (citing 28 U.S.C. § 1332(a)(2)). This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir.2000). "Since Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants ." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir.2007).

Tucker merely states that the parties are citizens of different states but does not declare which states. The Petitioner's Petition for Injunction lists Tucker's address as 201 SW 1St Street, Apt. # 4, Boca Raton, Florida 33432 and his own address as 110 Barre Dr., Port Charlotte, Florida 33952. Thus, the Petitioner's Petition plainly provides information that the Parties are not diverse. However, even if Tucker is no longer a citizen of Florida he must establish where his new domicile is located. His statement that the Parties are citizens of different states does not clarify Tucker's citizenship. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing Hendry v. Masonite Corp., 455 F.2d 955, 955 (5th Cir. 1972)). A domicile is not synonymous with a residence. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citing Perri v. Kisselbach, 34 N.J. 84, 87 (1961)). It is possible for someone to reside in one place but be domiciled in another. Mississippi Band, 490 U.S. at 48 (citations omitted). A domicile for an adult "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Id. (citing Texas v. Florida, 306 U.S. 398, 424 (1939)). The language in the Petition clearly states that the Parties are not diverse and Tucker has done nothing to satisfy his burden that diversity jurisdiction exists. Accordingly, the Court does not have diversity jurisdiction.

Tucker also claims federal question jurisdiction. Pursuant to Title 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented

on the face of the plaintiff's properly pleaded complaint." Deutsche Bank Nat. Trust Co. v. Benaway, 2013 WL 3270399, *1 (M.D. Fla. June 26, 2013) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)); *see also* Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir.1998) ("a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint").

In this instance, the Petitioner's Petition is a single state law claim seeking an injunction against Tucker for stalking and does not present a federal question. While Tucker states the Petition violates his Constitutional rights, a removing defendant may not create jurisdiction by raising a federal question defensively. Deutsche Bank Nat. Trust Co., 2013 WL 3270399 at *1. Even if Tucker presented a counterclaim with valid federal question jurisdiction, which he has not, the counterclaim may not serve as a basis for federal jurisdiction. Id. Only the plaintiffs well pleaded complaint may establish federal question jurisdiction upon removal. Id. Therefore, Tucker has failed to establish a basis for federal subject matter jurisdiction and he does not have a claim before the Court. As a result, the case must be remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

Accordingly, it is now

**ORDERED:**

The Petition for Injunction for Protection Against Stalking is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. The Clerk of the Court is hereby directed to remand the case, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record